Good morning, Your Honors. Katherine Young from the Federal Public Defender's Office for the Appellant Subhash Chadha. I'd like to reserve a few minutes of my time for rebuttal. I'd like to turn first to the issue that raised in the opening brief that the District Court's special condition on mental health counseling was improper. Mr. Chadha was required by the District Court to participate in mental health counseling, but there was no suggestion in the record that he ever suffered from mental health problems. In fact, the PSR reported that he led a very disciplined life in which he meditated several hours a day, and did not smoke, drink, or use drugs. The only indication in the PSR was that he was humiliated and depressed over his conviction in his incarceration, but we would submit that these are somewhat normal reactions to upcoming incarceration, and do not warrant mental health counseling two years hence after he's been released. I don't quite follow the logic of that. Why would he be resisting counseling? He, in fact, did suffer humiliation, embarrassment, and the like. He will have been in prison for two years. Supervised release takes effect when he's coming out. He's got to have a traumatic experience. Why isn't that alone enough in the record to justify the counseling provision? Well, I don't think there's anything in the record that indicates that his situational depression, which resulted from the upcoming – And if mere incarceration were a prerequisite for mental health counseling, then all defendants would require mental health counseling. Well, but he's demonstrated – that may be true, or may be advisable – but nonetheless, as you yourself say, he's demonstrated that these very accusations and proceedings have caused him mental health problems. Well, I think that means that he would require mental health counseling while he was in custody. It doesn't necessarily mean that there would be – that the depression would remain after he was released. And there's no – and that's one of the problems with the fact that this issue was not fleshed out in the record. I'm sorry, Your Honor. Okay. Counsel, yeah, I have a question on this. You know, the – as I understand it, the sentencing factors would permit the court to impose a condition for care if it was reasonably necessary. And it seems like the court has some basis for that when he makes – the statements are attributed to him that he's depressed or he is humiliated or he's not sure how he can handle things. Now, if – when he gets out of prison, after 24 months, he's just happy as can be about everything. Can't he apply to the court to – at that point, to modify the supervised release conditions? He can do so, Your Honor, but I don't think that relieves the court of its obligation to make the findings. The requirement that you're talking about, the sentencing guidelines state that the court has reason to believe that the defendant is in need of psychological or psychiatric treatment. And so I think the court has to make a finding, first of all, that upon release from custody two years hence, he will require psychological or psychiatric treatment in order to impose the condition in the first place. And I don't think that was done primarily because there was no notice given, among other reasons. Counsel, didn't the defendant have an opportunity at the time of the sentencing to object? Yes, Your Honor. And he did not. And this is after the court had heard language that he was humiliated, degraded, was ashamed to his wife, daughter, and community. With all those factors that are being brought out, and he is ordered to undergo this type of treatment, which would seem appropriate in a 3553A, and there's no objection, why now? Well, one of the issues that was raised in the notice requirement that I'll talk about later was that it's really no notice when you impose the sentence and then ask for comment. You really need to give someone, and I've heard from defendants that once they hear their sentence, they don't hear anything else. So to an extent, when the sentence is simply imposed and they're not, without giving notice of what conditions you're intending to impose, that's really no notice and you're really not given the opportunity to respond. So I think that may be one reason why there wasn't an objection. I'm sorry. Counsel freezes when sentence is imposed? I'm sorry? You said the defendant freezes. The counsel freezes with him? Well, I think maybe there would need to be a discussion between counsel and the client, and that opportunity wasn't given here. Really? Was it requested? Counsel, it seemed to me at the hearing I read that the main pitch that counsel was making was a pitch for a lower sentence than what the guidelines would have indicated, or rather a pitch for no prison, for probation. And the court then asked counsel to try to direct argument to why there should be a lower term than the guidelines, and the court gave him somewhat of a deal by going down to 24 months. And at that point, if counsel objected to this condition, why couldn't counsel state the objection? In the absence of it, don't we have to review it for plain error? Well, I think that's correct. And how can it be viewed as a plain error when the record shows some statements about depression? Well, I think that the record shows depression as a result of the conviction, which I don't think is an abnormal reaction. I think generally mental health counseling is directed to abnormal mental conditions, and I don't necessarily think that depression or humiliation is an abnormal reaction to incarceration or custody. Do you want to talk about business records? Yes, Your Honor. Let me turn to the notice requirements that we're talking about with respect to the line of cases that we're relying upon. And one of the things we're contending is that the defendant was entitled to notice so that the defendant could address these conditions with respect to both mental health conditioning and business records, which we condemn as adequately dealt for in General Order 0105, which was crafted by the judge of the central district to apply to restitution. And there's no showing why in this case there needed to be more than the general order that was crafted by the judge of the central district. But we start with the Burns case in 1991, which stated that if a condition of super – if a condition of – if a sentence above the sentencing guidelines is going to be opposed, based on Rule 32i, which allows the party's attorneys to comment on the appropriate The Supreme Court read into that a requirement that the parties be given notice because without notice they couldn't really have an opportunity for meaningful comment. Well, counsel, how does this apply in 1991 post-Booker? And you have U.S. Sentencing Guideline 5U1.3D3, which states that when restitution is ordered, the court may impose as a condition to require the defendant to provide financial information. Post-Booker, the notice requirements that a district judge is required to give have been reduced significantly after Zeri, correct? No, that's exactly what I wanted to address, because I think that the Irizarry line of cases, which derives from Burns, and then 32H, which codified Burns in 2002, and then Irizarry, which said post-Booker you don't need that notice anymore, is distinguishable from the line of cases that we're relying upon in the opening brief. Because it's true that in the cases of departures, at post-Booker, you don't really need that much notice because you're not – you don't have a reliance interest upon a sentence within the sentencing guidelines. Your sentence can be anywhere within the statutory range. So that's why Irizarry and 32H dealt specifically with departures, upward or downward departures from sentencing guidelines. This is a condition as a part of restitution which the guidelines is a policy statement, one of which the district court is required to consider, along with the advisory guidelines 3553, et cetera, in composing. Doesn't this recommendation or policy regarding business records being provided if restitution is ordered give the district court the – not just the right but also probably the obligation to impose that? Well, I think there was – there was a requirement of access which was imposed in – by the imposition in the judgment of 0105. It's just that we're saying there was no basis for going beyond that. There was no showing – and there was no proof by the government why 0105, which was distinguished – which was crafted by the judge of the central district did not satisfy the requirements for restitution. Why don't you save the rest? You said you wanted to save – Judge Gould, if you had a question. My question, just to clarify, again, are we dealing with a plain – the plain error standard in light of the lack of an objection? Yes, Your Honor. Thank you, Your Honor. Thank you. Good morning. Jean-Claude Andre on behalf of the United States. The key in this case is, of course, deference because the district court was operating under an abuse of discretion standard. But also important is the fact, as the Court has noted, that we're in a plain error territory here where there were no objections to the lack of notice of the conditions imposed nor to the substance of the conditions  So there are effectively two layers of insulation around what the district court did here. And the government doesn't believe that the district court's supervised release conditions were inappropriate under any standard, but certainly not under plain error. To turn first to the mental health condition that Ms. Young discussed first. Her claim that there is no suggestion in the record that this was warranted, I think, is belied most simply by defendant's wife's statement that the defendant was very depressed. She knows him better than anybody, and that's a very important statement. The district court has broad discretion to impose supervised release conditions and, in particular, a mental health counseling condition. While it may be true that the defendant's depression was caused by his immediate circumstances, and it may be true that two years from now he won't be suffering from the same depression, that is precisely why, under the third prong of plain error review, we think that this claim must also fail. The third prong asks whether the defendant's substantial rights have been affected, and because of the correction procedures in 3583E and 32.1, we don't believe that the right impacted here can be substantial. Defendant can seek, while in custody at the BOP, a mental health evaluation, and if it comes back and it says he's not suicidal, he's no longer depressed, he can present that to the district court. His counsel could probably also send someone into the BOP to have him evaluated. Again, if that report comes back clean, he can present that to the district court. And so, given that he has a remedy with the district court, we don't think that the right, although it may be impinged by this condition, reaches the level of substantiality under the third prong of plain error. Finally, on this point, although there was not a trial in this case, it was resolved by a plea agreement, the district court did still have two opportunities to observe the defendant firsthand at the change of plea and, again, at the sentencing. And so, given that we're in a discretionary regime to begin with, I think that a little bit extra discretion should be afforded the district court, who has the ability to look at the defendant and I surmise that probably saw that this defendant was a little more distraught than your average defendant by what was going on here. Certainly, that's supported by the statements of the defendant himself in the PSR and then also his wife's statement. Although that's why we like judges to explain for us so we don't have to surmise. Absolutely, Judge Richard. I mean, the better rule is for an explanation to come or for, in some cases, for the district court to disclose the probation officer's recommendation letter, but it by no means is required. With respect to the business records condition, I agree with Judge England's point that here you have a guideline policy statement that explains that when restitution is ordered, the district court can order financial disclosure. And while the business records condition that's at issue here is a little bit broader than General Order 01-05, I think the facts of this case support the district court going that additional step. First, the restitution order here is substantial. It's almost half a million dollars. In addition, the defendant has had a meaningful history with the probation officer of not complying with General Order 01-03, which is the pre-sentencing disclosure requirement. He didn't submit bank statements. He submitted only one utility bill instead of three months of all of his utility bills as requested, and he has an extensive history of judgments and collections against him. In fact, there are seven judgments against him in total. Also, perhaps animating the district court's decision here was the nature of the offense and the concern about recidivism. This defendant's offense was committing fraud by obtaining credit cards on behalf of fictitious employees of the business that he was working for. And so I think the district court, when it wanted client lists and business records and other operating documents relating to the business, was also concerned about the fact that you need to keep an eye on this defendant to make sure that he gets employed by a new business upon release from custody, then abuses it the way he did before. So under Pong 2, plain error, we don't think there was an error here at all with respect to either condition because the record is sufficient to support them. But again, the correction procedures, we think, also vitiate any concerns. If the Court were to disagree with me about the propriety of the conditions under the regular abuse of discretion standard, we think that the correction procedures under plain error would then further insulate and require affirmance. Finally, with respect to the fourth prong of plain error, whether this Court should reach out and notice the errors that the defendant complains of, it is significant here that although generally a defendant can't stand up and object if the district court announces the sentence and walks off the bench, that's not what happened in this case. There were four pages of transcript where counsel discussed with the court various issues relating to the sentence after the court announced the particular conditions that were at issue here. This is in Excerpts of Record, page 21 through 25. And so there was a meaningful opportunity for the defendant to stand up and say, we didn't get notice of these conditions, we are surprised, we would like a continuance. And in fact, Irizarry, regardless of whether this Court agrees with our argument about whether Irizarry overrules Wise, Lopez, Fitgild, and Cope, Irizarry expressly contemplates that the remedy for surprise at sentencing is to ask for a continuance. And so, again, although there may be case law saying that after the court announces a sentence, it may not be appropriate for or may not be a significant opportunity for the defendant to then stand up and object, in this case, the record belies that, in that there were four pages of opportunity for the defendant to stand up and object, and Irizarry, a recent Supreme Court case, also expressly contemplates that a defendant can object if he feels surprised by anything that happens at sentencing. To turn to the notice issue, Ms. Young accurately summarized the origins of this Court's notice of jurisprudence. And given that this Court's notice of jurisprudence rested on Burns, and the Supreme Court has since cabined Burns to the precise language of 32H, we don't believe that it survives the Irizarry. Although there is some legitimacy to the defendant's point that supervised release conditions could come out of nowhere, again, that's not this case. We don't have the kind of condition that was at issue in Wise where it was totally untethered to the defendant's background or to the defendant's offense. Here the conditions are reasonably related to the defendant's offense and to the defendant's background. And so, to the extent that there are any concerns about supervisory, they weren't raised by the defense, and they're not supported by the record. Unless the Court has any questions, I will submit. Judge Gould? Okay. No questions? No question here. Thank you, Your Honor. I just want to address one point briefly. Mr. Andre said that I had accurately summarized the jurisprudence that led to Irizarry. But what I wanted to also talk about was the fact that the Ninth Circuit's jurisprudence of an implicit notice requirement is separate and apart from Irizarry and, therefore, is unaffected by Irizarry. That comes from Burns through Lopez in 2001, Wise, 2004, Fifield, and Cope. All of them rely on 32i, not 32h, which was what Irizarry decided. And, therefore, they're not affected by Irizarry, and they require implicit notice. There's an implicit requirement that the defendant receive notice of any supervised release conditions the Court is intending to impose. Thank you. Thank you. We thank counsel for the argument, and the case is submitted.
judges: Fisher, Gould, England